IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT CURTIS WILLIAMS,

    Petitioner,

vs.                                                          Civ. No. 97-1176 BB/LCS

RON LYTLE, Warden,

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Proposed Findings

1.  This matter comes before the Court upon Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus and Supporting Authorities, filed February 25, 1998.  The Respondent asserts that this 28 U.S.C. §2254 petition for habeas corpus relief should be dismissed for two reasons: 1) untimeliness pursuant to 28 U.S.C. §2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996(AEDPA); and 2) failure to state a federal habeas corpus claim as required by 28 U.S.C. §2254(d), as amended by the AEDPA.

2.  The following is a time line of the relevant events in this case:

-- April 18, 1994.  The New Mexico Supreme Court affirmed the Petitioner's convictions on direct appeal.

-- April 18, 1997.  Petitioner alleges to have mailed his only state habeas corpus petition to the state district court.

-- April 21, 1997.  The state habeas corpus petition was filed in state district court.

1

-- April 24, 1997.  This is the last day of the grace period allowed under **United States v. Simmonds**, 111 F.3d 737, 744-45 (10th Cir. 1997) for filing federal habeas petitions attacking convictions which had become final prior to April 24, 1996, the effective date of the AEDPA.

-- May 30, 1997.  The state district court denied the state habeas petition.

--July 22, 1997.  Petitioner filed a petition for certiorari review of the denial of the state habeas petition.

-- August 6, 1997. The New Mexico Supreme Court denied the petition for certiorari review.

-- August 11, 1997.  Petitioner alleges to have received the denial of certiorari review.

-- August 24, 1997.  Petitioner affirmed service of the federal habeas petition to the New Mexico attorney general's office.

-- September 2, 1997.  The federal habeas petition is filed in this Court.

3.  Under **Simmonds**, "a state prisoner whose conviction became final prior to April 24, 1996, must have filed his federal habeas petition by no later than April 24, 1997." **Powell v. Williams,** 981 F.Supp. 1409, 1414 (D.N.M. 1997).  That is the situation here.  The Petitioner, however, also filed a state habeas petition prior to the termination of the **Simmonds** grace period. Under 28 U.S.C. §2244(d)(2), as amended by the AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  The parties concede that the Petitioner is allowed to add the remainder of the grace period time (from the time he filed his state habeas petition to the end of the grace period on April

24, 1996) to August 9, 1997 (the date that certiorari was denied as to the state habeas petition).[1]

4. The Petitioner argues that because he mailed his state habeas petition to the state court on or about April 18, 1997, he is entitled to add 6 days (April 18, 1997 to April 24, 1997) to August 9, 1997. The Respondent contends that the Plaintiff is entitled to add only three days, counting from the date the state habeas petition was filed on April 21, 1997 to April 24, 1997. The Petitioner bases his argument on **Houston v. Lack**, 487 U.S. 266, 270-72 (1988) which held that a *pro se* notice of appeal is timely filed if it is deposited in the prison mail system within the applicable time period. The **Houston** "mail box" doctrine has been applied to the filing of federal habeas petitions. **Nichols v. Bowersox**, ___ F.3d ___ (8th Cir. 1998); **Burns v. Morton**, 134 F.3d 109, 112 (3rd Cir. 1998). I, therefore, find that the Petitioner is entitled to six additional days to file his federal habeas petition.

5. The Petitioner also argues that he is entitled to a "reverse" application of **Houston,** i.e., to have August 11, 1997 considered as the date certiorari review was denied because that was when the Petitioner received the denial of certiorari. The Respondent argues that the denial of certiorari occurred when it was filed on August 6, 1997. I agree with the Respondent. **Jenkins v. Burtzoff**, 69 F.3d 460, 461-62 (10th Cir. 1995) held that the **Houston** doctrine does not permit "the time limit for filing a notice of appeal to be calculated from the date the prisoner receives notice of the entry of the order from which he or she appeals." By extension, I find that the Petitioner is not entitled to an additional five days by virtue of his having received the denial of certiorari five days after it was filed.

---

[1] A search for case law regarding whether and how one can toll the grace period by filing a state collateral proceeding within that grace period was unsuccessful. I accept the parties' method of calculation as a reasonable interpretation of the relevant AEDPA provisions.

6. Applying the above conclusions to the facts in this case, I find that six days (the remainder of the grace period) should be added to August 6, 1997. Consequently, the Petitioner's federal habeas petition was due on August 12, 1997. The Petitioner did not meet that deadline even when one considers that the Petitioner served the Respondent on August 24, 1997, nine days before the federal habeas petition was actually filed in this Court. I, therefore, conclude that the federal habeas petition is untimely and subject to dismissal on that ground.

7. The Petitioner argues in the alternative that the principle of equitable tolling should extend the federal habeas petition deadline in this particular situation. Even if equitable tolling is appropriate, I nonetheless find that the Petitioner has failed to state a federal habeas claim pursuant to 28 U.S.C. §2254(d). Section 2254(d) states that a federal petition for habeas corpus relief will not be granted

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

8. The Petitioner raises the following grounds in this federal habeas petition: the admission of propensity evidence violated SCRA 1986, 11-404(B); hearsay evidence was improperly admitted under SCRA 1986, 11-803(X); police illegally seized the Petitioner's shoes; there was insufficient evidence to support a murder conviction; and contrary to the Fourteenth Amendment, there was insufficient evidence to support a criminal sexual penetration conviction. The New Mexico Supreme Court addressed the merits of the evidentiary and seizure grounds in **State v. Williams**, 117 N.M. 551, 874 P.2d 12 (1994). The New Mexico Supreme Court

decided the evidentiary grounds on the basis of state law. Evidentiary rulings are within the domain of state law, and are addressed in a federal habeas petition only if the trial court's actions rendered the trial, as a whole, fundamentally unfair. **Nichols v. Sullivan**, 867 F.2d 1250, 1253 (10th Cir.), **cert. denied**, 490 U.S. 1112 (1989). The Petitioner does not allege anything more than a violation of the state rules of evidence. With respect to the seizure ground, the New Mexico Supreme Court decided that issue by applying a Fourth Amendment analysis, an appropriate analysis. I, therefore, find that the New Mexico Supreme Court decided the evidentiary and seizure grounds in a manner not "contrary to, or involv[ing] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States...." Moreover, since the Petitioner does not contest the factual basis of the New Mexico Supreme Court's decision on the evidentiary and seizure issues, he fails to demonstrate that the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Consequently, I conclude that the evidentiary and seizure grounds fail to state a cognizable federal habeas claim under 28 U.S.C. §2254(d).

    9. The Petitioner presented his sufficiency of the evidence grounds in his state habeas corpus petition. The state district court found that these grounds were without merit and stated that the trial court at the end of the State's case and upon a Motion for Directed Verdict, "concluded that there was sufficient evidence upon which a rational trier of fact could find each of the necessary elements for both of these crimes under the reasonable doubt standard." Exhibit E (attached to Respondent's Answer to Petition for Writ of Habeas Corpus, filed February 24, 1998). The facts adduced at trial are described in the New Mexico Supreme Court's decision. Those facts are presumed to be correct unless the Petitioner rebuts the presumption of correctness

by clear and convincing evidence. 28 U.S.C. §2254(e)(1). The Petitioner has not made such a rebuttal. Considering the inculpatory nature of the facts as described in the New Mexico Supreme Court's decision, I find that the state district court's denial of the state habeas petition was not based on an unreasonable application of clearly established federal law as determined by the United States Supreme Court, nor was it "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." **See** 28 U.S.C. §2254(d). Accordingly, I find that the sufficiency of the evidence grounds do not state a federal habeas corpus claim under 28 U.S.C. §2254(d). In sum, I conclude that the Petitioner's federal habeas corpus petition is untimely under 28 U.S.C. §2244(d) and fails to state a claim as required by 28 U.S.C. §2254(d).

## Recommended Disposition

I recommend granting the Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus and dismissing this matter with prejudice. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be

allowed.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE